Porfirio ORDONEZ–AGUILAR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74134.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 18, 2008.

Murray D. Hilts, Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

Wendy Benner–Leon, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, I & NS, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Porfirio Ordonez–Aguilar, a Honduran citizen, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to terminate his removal proceedings and his motion for a continuance. We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252. The BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). We therefore review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc). We deny in part and dismiss in part the petition for review.

An IJ may grant a motion to terminate removal proceedings only when the facts of the case cannot support the alleged charge of removability. *See, e.g., Altamirano v. Gonzales*, 427 F.3d 586, 596 (9th Cir.2005) (remanding with instructions to grant a motion to terminate where the facts could not support a finding that the petitioner was inadmissible as an alien smuggler). The IJ properly denied the motion to terminate because Ordonez–Aguilar conceded that he was removable based on his presence in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i).[1] We therefore deny the petition with respect to this claim.

Ordonez–Aguilar's claim that the IJ abused his discretion when he denied the motion for a continuance is moot. Ordonez–Aguilar moved to continue the removal proceeding until the Administrative Appeals Office of the U.S. Citizenship and Immigration Services ("AAO") adjudicated his appeal of the denial of his application for Temporary Protected Status ("TPS"). The IJ denied the motion, finding that a continuance would be futile because Ordonez–Aguilar's past felony conviction for sale of cocaine disqualified him from TPS. *See* 8 U.S.C. §§ 1254a(c)(2)(A)(iii), (B)(i). The AAO dismissed Ordonez–Aguilar's appeal on August 18, 2006, less than three weeks after the BIA issued its opinion and four days before this appeal was filed. Inexplicably, neither of the parties advised us of the dismissal until the court requested the status of the appeals shortly before argument or submission. Because Ordonez–Aguilar's appeal before the AAO has

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We do not address Ordonez–Aguilar's arguments that the IJ improperly denied the motion to terminate because the record of his 1994 conviction for sale of a controlled substance did not name the specific drug and because the conviction was expunged under state law. These arguments are irrelevant because the Department of Homeland Security did not charge Ordonez–Aguilar with being removable based on his criminal record. It proceeded solely based on his presence in the United States without being admitted or paroled.

been resolved, whether the motion for a continuance was properly denied is moot. We therefore dismiss the petition with respect to this claim.

PETITION DENIED IN PART; DISMISSED IN PART.

